TASHIMA, Circuit Judge,
dissenting:
I agree with the majority that deference to Native American sovereignty should be the guiding principle of our inquiry. I respectfully disagree, however, that the majority’s interpretation of the Federal Death Penalty Act of 1994, 18 U.S.C. § 3598, is appropriately deferential to “Indian nations ... as governments.” 137 Cong. Rec. at S8490 (Statement of Sen. Inouye).
In my view, the Federal Death Penalty Act removes first degree murder committed within the boundaries of “Indian country” from the realm of offenses punishable by death and delegates to the tribes the authority to determine the availability of the death penalty. See 18 U.S.C. § 3598. The Confederated Tribes of the Colville Reservation has not elected to make the death penalty available for first degree *943 murder on the Colville Reservation. Thus, capital punishment has been clearly eliminated for the crime for which Gallaher was indicted. Because Gallaher has not been indicted for an “offense punishable by death,” see 18 U.S.C. § 3281, the five-year statute of limitations applies, see 18 U.S.C. § 3282.
The majority relies on the line of cases following Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), but Furman did not involve interpreting an Act of Congress, like the Federal Death Penalty Act, delegating to another government the decision of whether to invoke the death penalty. The majority’s interpretation does not give full scope to that delegation. For this reason, I would reverse the district court’s order denying Gallaher’s motion to dismiss the superseding indictment.
I respectfully dissent.